**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0214-18T2

SASIREKHA MAGUDAPATHI,

    Plaintiff-Appellant,

v.

RANGARAJAN CALYANAKOTI,

    Defendant-Respondent.

_____

           Submitted September 17, 2019 – Decided October 10, 2019

           Before Judges Yannotti and Currier.

           On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FM-18-0639-15.

           Peter A. Ouda, attorney for appellant.

           Rangarajan Calyanakoti, respondent pro se.

PER CURIAM

    In this matrimonial action, plaintiff Sasirekha Magudapathi appeals two orders entered on August 10, 2018. The first order denied her request for the

disclosure and distribution of defendant Rangarajan Calyanakoti's State Bank of India (SBI) account. Plaintiff challenges the portions of the second order that denied her application to correct a February 2, 2018 order regarding the parties' property in Bangalore, India, denied her request for counsel fees, and required the parties to share equally in the costs of a guardian ad litem and custodial expert. We affirm in part, reverse in part, and remand for entry of an order in conformance with this opinion.

Following the execution of a Marital Settlement Agreement (MSA) and entry of a Dual Final Judgment of Divorce (FJOD) in October 2015, the parties have engaged in a robust post-judgment motion practice. In a prior appeal, plaintiff contended defendant had not complied with the equitable distribution of his bank accounts as required under the MSA. We agreed and remanded "for the entry of an order requiring defendant to produce to plaintiff the pertinent bank statements demonstrating the alleged distribution to her of his accounts." Magudapathi v. Calyanakoti, No. A-2106-16 (App. Div. Mar. 13, 2018) (slip op. at 3-4).

On remand, the Family Part judge entered a case management order requiring the parties to produce "all bank, stock and bond account statement[s] for all accounts in their name or in the name of another on their behalf located

in the United States, India or anywhere else." The period of those statements included "September 2014 through March 2015."

In response, plaintiff requested information regarding "the disclosure and distribution of a State Bank of India account" held by defendant. This account was in addition to the two accounts defendant had previously listed in his Case Information Statement (CIS).[1] In his reply certification, defendant stated his "SBI Account" contained $134 "around the date of filing of [d]ivorce" in January 2015.[2] He also advised the SBI statement had been provided to plaintiff and her counsel.

On August 10, 2018, a different Family Part judge (the motion judge) considered plaintiff's motion and denied her request for distribution of the SBI account. In a written statement of reasons, the motion judge found the request was "beyond the scope of the Appellate Division remand decision" and plaintiff failed to show proof of the account's existence as she "provide[d] no information about it except a speculative assertion that the account might have existed. . . ."

---

[1] The prior appeal only centered on the two accounts listed in defendant's CIS.

[2] A statement from this account is included in defendant's Appendix. The account's value is indicated in rupees.

A-0214-18T2

Further, the motion judge noted there was "no motion pending before the court as to [the SBI] account. . . ."

Following our remand, the first Family Part judge entered an order requiring the parties to provide information about all bank accounts held in their names in the United States, India or elsewhere. Defendant provided the name and account balance of his SBI account and a statement for the relevant period. This complied with both this court's remand decision and the Family Part's subsequent order. It was error, therefore, for the motion judge not to require the equitable distribution of the SBI account. Therefore, on remand the judge shall enter an order reflecting the distribution.

We turn to plaintiff's contentions regarding the apartment in Bangalore, India. The equitable distribution of this, and several other Indian properties, has been the subject of multiple post-judgment motions.

The MSA required the parties to sell the apartment and equally divide the proceeds from the sale. An August 2016 order appointed a realtor for the property. The apartment was one of the subjects raised in cross-motions considered by the first Family Part judge in January 2018. Defendant contended that plaintiff had not yet listed the apartment for sale. He requested to purchase the apartment for $300,000. Plaintiff objected to defendant purchasing the

property and stated that the presence of tenants in the apartment was impeding its sale.  She requested the judge order the removal of the tenants.

During the oral argument, the Family Part judge stated she intended to revise the tentative order to include language that

> the parties will cooperate with the removal of the tenants, as I've already put in the tentative, and then it will be within [thirty] days of the removal of the tenant, the [p]laintiff will have the right to find a third-party buyer who is willing to pay $330,000 or more for the Bangalore property.
>
> And if she cannot, the [d]efendant will be able to buy the Bangalore property for $300,000.

However, as the argument progressed, and the judge heard from the parties themselves as to the real estate sale and rental processes in India, she advised she could not make a determination at that time.  The judge said she would look at the prior orders regarding the disposition of the apartment, consider all of the information presented to her, and render a decision within two weeks.

The subsequent February 2, 2018 order stated in pertinent part: "If no offer higher than ten percent (10%) of the $300,000.00 stated value of the property is proffered for the purchase of the Bangalore property within thirty (30) days of the execution of the Power of Attorney, [d]efendant shall be entitled to purchase

this property at $300,000.00." There was no reference to the tenancy. Plaintiff did not move for reconsideration of or appeal from the February 2, 2018 order.

In July 2018, defendant moved to "exercise his rights to purchase the Bangalore property . . . for $300,000.00 pursuant to the February 2, 2018, order. . . ." In a cross-motion, plaintiff opposed defendant's application and moved to correct the February 2, 2018 order to state: "If no offer above the 10% of the $300,000.00 stated value is proffered for the purchase of the Bangalore property within thirty (30) days of the date the tenant vacates the property, [d]efendant shall be entitled to purchase this property at $300,000.00. . . ."

In an August 10, 2018 order, the motion judge denied plaintiff's application, holding that he would "direct enforcement of [the first judge's] order as written." The judge granted defendant's "request to buy plaintiff out of her interest in the Bangalore property . . . for $300,000.00. . . ."

The scope of review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We owe deference to the Family Part's findings of fact because of that court's special expertise in family matters. Id. at 413. Thus, "'[a] reviewing court should uphold the factual findings undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record.'" MacKinnon v. MacKinnon, 191 N.J. 240, 253-54

6

(2007) (alteration in original) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)).

While no special deference is owed to the judge's legal conclusions, Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995), we do "'not disturb the factual findings . . . of the trial judge unless . . . convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant[,] and reasonably credible evidence as to offend the interests of justice' or when we determine the court has palpably abused its discretion." Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (quoting Cesare, 154 N.J. at 412).

Plaintiff argues defendant received a "windfall" because the motion judge failed to correct the error in the February 2 order, which did not require the tenant to vacate the Bangalore property before plaintiff could sell it. Defendant contends plaintiff is time barred from raising the issue, because the time for either reconsideration or an appeal of the order has expired.

We discern no merit to plaintiff's argument. Although during oral argument, the first judge proposed a change to the language to her tentative order, the parties and their counsel continued to argue the issue. At the conclusion of the argument, the judge advised she intended to look further into

7

the case, including at prior orders, and consider the information presented during argument prior to issuing an order. There was no "clear clerical error" warranting relief as asserted by plaintiff.

The August 10, 2018 orders denied plaintiff's application for counsel fees and her request to modify the apportionment of the guardian ad litem and expert fees. We discern no abuse of discretion in these rulings. After addressing the governing Rule 5:3-5(c) factors, the motion judge stated: "[N]o attorney fee award is warranted under the circumstances. This remains a high conflict case with disputes at every turn. The court does not find bad faith. . . . Each party has the ability to pay their own counsel fees and is responsible to do so." This determination is equally applicable to the issue of the allocation of the expert fees.

Affirmed in part, reversed in part, and remanded to the trial court solely for the entry of an order dividing the SBI account in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0214-18T2